UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 0:14-cv-60649-GOODMAN
[consent case]

JENNIFER LEE, et al., on behalf of
themselves and all others similarly situated,

       Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC, et al.,

       Defendants.
_____/

## ORDER DENYING SETTLEMENT CLASS MEMBER MARGO PERRYMAN'S MOTION FOR DISCOVERY

This Cause is before the Undersigned on Settlement Class Member Margo Perryman's Motion for Discovery. [ECF No. 131]. Both Plaintiff and Defendants have filed responses in opposition to the Motion [ECF Nos. 134; 135] and Perryman has submitted a reply in support of her Motion [ECF No. 140]. For the reasons outlined below, the Undersigned **denies** the Motion.

**I.     Background**

Perryman is a settlement class member in this lender-placed insurance class action case,[1] and she is also the named plaintiff in a parallel, though later-filed, class action pending in the United States District Court for the Northern District of California. Perryman seeks to compel the parties to provide her with discovery already produced to settlement class counsel in this case. She says she needs the discovery to help her make an informed decision about whether to support, object, or opt out of this settlement.

The requested discovery relates to the necessity of the claims-made structure of the proposed settlement, which was agreed to by the parties. Under a claims-made settlement structure, settlement class members must submit forms in order to obtain relief. Separately, settlement class members must also take written, affirmative action in order to exclude themselves from the settlement class (i.e., opting out). Perryman takes issue with the notion that Defendants will not have to pay any settlement proceeds to a

---

[1] This case is one of many putative civil class actions that have been filed around the country against various lenders, servicers and insurance carriers regarding what is commonly referred to as lender-placed insurance, sometimes deemed (usually by plaintiffs) as force-placed insurance. In short, homeowners are often required by the terms of their mortgage contracts to maintain insurance coverage on the properties securing their loans. When the homeowner does not maintain the insurance, the lender is authorized by the mortgage contract to purchase new insurance to cover its interest in the property. Lenders do this by contracting with insurance providers. Many suits, such as this one, allege that lenders and their insurance providers have colluded together to create a nefarious scheme of unearned kickbacks (disguised as commissions and other benefits) that artificially inflate lender-placed insurance rates.

settlement class member who does nothing, that is, neither affirmatively opts out of the class nor submits a claim.

According to Perryman, whether a claims-made structure is truly necessary to effectuate this settlement is one of the relevant factors this Court will consider at the June 11, 2015 Final Approval Hearing to determine whether the settlement is fair, reasonable, and adequate. According to Perryman's argument, where it is possible to pay at least some claims automatically, those claims should be paid without requiring claims forms. Her sought-after discovery is designed to probe the view that no claims can be paid automatically.

The Undersigned issued a Report and Recommendations [ECF No. 119] on January 13, 2015, recommending preliminary approval of the class action settlement. The parties then consented to the Undersigned magistrate judge conducting all future proceedings [ECF No. 121], and the District Court issued an order of full referral [ECF No. 124]. On January 23, 2015, the Undersigned approved and adopted the Report and Recommendations and granted the motion for preliminary approval. [ECF No. 125].

According to the procedures for objections and appearances, any settlement class member who has not timely filed a written Request for Exclusion, who files a written objection no later than 30 days before the Final Approval Hearing and who files a notice of intent to appear at the Final Approval Hearing, may appear, in person or by counsel,

at the Final Approval Hearing. [ECF No. 119, pp. 14-17]. The Final Approval Hearing has been rescheduled, from May 27, 2015 to June 11, 2015.

## II. Analysis

Perryman's Motion is **denied**.

First, she has not formally objected to the settlement and so, as the parties note and as Perryman acknowledges, her discovery request, at best, is premature. *See In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 363 (D.D.C. 2001). Not only has Perryman failed to formally object to the settlement, but it is not yet clear if she will even remain a settlement class member, rather than opting out of the proposed settlement. At least one court has found "unpersuasive [a settlement class member's] contention that a meaningful election to class standing requires its counsel to engage in an extensive investigation and appraisal of the facts which, concededly, are available to the Plaintiffs and Defendants alike." *In re Potash Antitrust Litig.*, 162 F.R.D. 559, 562 (D. Minn. 1995).

Perryman, in her reply brief, attempts to circumvent the issue by stating that: (1) she will not exclude herself from the settlement class, (2) she *will* file a formal objection if required, and (3) she is not an ordinary, absent class member but instead "one of only a handful of individuals" who is a named plaintiff in a lender-placed insurance class action case (where she has "assumed fiduciary duties to the same class"). [ECF No. 140, p. 9]. This may be true, and Perryman now has until May 11, 2015 in which to file her objection, but her promise to do so is not consistent with her representations in her

Motion, where she unequivocally stated that she sought discovery in order to "make an informed decision about **whether** to support this settlement, object, or opt out." [ECF No. 131, p. 2 (emphasis added)]. In any event, Perryman has not formally objected, and her failure to so, alone, provides an adequate basis for denying the Motion.

Moreover, although the deadline to file an objection has not yet expired, there is no reason why Perryman could not have already filed an objection and then sought discovery. "It is a fact of litigation life that no one wants to make a settlement decision until the last tidbit of information has been obtained. It is also a fact of litigation life, however, that by the time all information sought is obtained, the benefits of settlement may have long since evaporated." *Newman v. Sun Capital, Inc.*, No. 2:09-cv-445-FtM-29SPC, 2012 WL 3715150, at *12 (M.D. Fla. Aug. 28, 2012) (denying objectors' request for discovery supposedly necessary "to form a reliable opinion of the value of the settlement assets to make the ultimate determination as to **whether** to accept the Settlement Agreement" and concluding that the information was "sufficient to allow the investors to make intelligent decisions" about the settlement) (emphasis supplied).

However, even if Perryman did formally and timely object (and in so doing indicate her intention to remain a member of the settlement class, rather than opt out of the settlement), her discovery request would still be denied.

There is no automatic right to discovery to substantiate settlement objections. As both Plaintiff and Defendants note, "the sole purpose of any settlement-related

discovery is to ensure **the Court** has sufficient information before it to enable the Court to determine whether to approve the Settlement." *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1337 (S.D. Fla. 2011) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)) (emphasis added).

The requested discovery is unnecessary for the Court's inquiry, at least at this time. **Many courts have approved claims-made processes in lender-placed insurance cases like this one**. *Hamilton v. SunTrust Mortg. Inc.*, No. 13-60749-CIV, 2014 WL 5419507, at *7 (S.D. Fla. Oct. 24, 2014). ("Filing a claim form is a reasonable administrative requirement which generally does not impose an undue burden on members of a settlement class") (internal quotation omitted); *see also Saccoccio v. JP Morgan Chase Bank, N.A.*, 297 F.R.D. 683, 696 (S.D. Fla. 2014), *appeal dismissed* (Oct. 15, 2014) (overruling objection to claims-made settlement based on evidence that defendants could not determine which class members had paid on system-wide basis and noting that "[t]here is nothing inherently suspect about requiring class members to submit claim forms in order to receive payment"); *Casey v. Citibank, N.A.*, No. 5:12–cv–820, 2014 WL 4120599 (N.D.N.Y. Aug. 21, 2014) (granting final approval of claims-made force-placed insurance settlement).

As District Court Judge Cohn put it, succinctly, "criticism of the claims-made structure does not impact the fairness, reasonableness, or adequacy of the proposed settlement." *Hamilton*, 2014 WL 5419507, at *7 (internal quotation omitted). According to

Judge Cohn, in that case, class counsel "took considerable confirmatory discovery from Defendants, in this and other cases, to examine Defendants' assertion that it would be impractical to provide direct payments to a nationwide class." *Id.* That statement could easily be applied to this case, where Perryman states that she only seeks discovery "*already produced to Settlement Class Counsel.*" [ECF No. 131, p. 2 (emphasis in original)].

As noted in class counsel's opposition [ECF No. 135] to Perrmyman's motion, the representative plaintiffs and class counsel have confirmed that a claims-made settlement is the best possible settlement structure for members of the putative class. The declaration on file in this case demonstrates why it is not feasible to determine specific information about proceeds on a member-by-member basis. *Cf. Trombley v. National City Bank*, 826 F.Supp. 2d 179, 198 (D.D.C. 2011) ("the case might not have settled if a condition of the agreement required PNC to mine [its computer systems] for such data").

In addition, members of Perryman's counsel served as co-counsel in four other force-placed insurance class actions that were settled and granted final approval **in this District, all using the very same claims process the parties' have agreed to in this case.** *Fladell v. Wells Fargo, N.A.*, No. 13-cv-60721; *Diaz v. Wells Fargo Bank, N.A.*, No. 13-cv-21104; *Saccoccio v. JPMorgan Chase Bank, N.A.*, No. 13-cv-21107; and *Hall v. Bank of America, N.A.*, No. 12-cv-22700. As Plaintiff notes in her opposition, Defendant Assurant was also a defendant in three of those cases, and discovery showed that a claims process

was necessary in those cases. [ECF No. 135, p. 2]. Perryman has not highlighted how this case is substantively different in this regard than those other cases.[2]

There are other reasons to deny the Motion, as well. Even if the issue of whether a claims-based process should be used in this settlement is a factor to be considered at a fairness hearing (or helpful for class members to decide whether to opt out or object to the proposed settlement), there is now evidence on the public record to support a claims-based process. During discovery in this case, an Ocwen representative (Jason Jastrzemski, director of Ocwen's mortgaging servicing oversight) verified under oath that it cannot query its systems to identify on a class-wide basis whether class members had paid or still owed some portion of the amounts they were charged for force-placed insurance -- i.e., showing that a claims-based process is necessary in this case. That Ocwen representative's declaration has now been filed in this case and Perryman, like all members of the public, is free to view it. [ECF No. 135-2].

At the very least, this declaration, coupled with the other information related to settlement class members, offers each member enough information to determine whether to opt out of the class, or to object to settlement. The Court may require further information on this issue later, but at this time, it does not, and Perryman is not now in a position to demand discovery on whether a claims-based process is necessary here.

---

[2]  Perryman points out in her reply brief that her counsel served as co-counsel in these other four cases, not class counsel, and therefore had little or no opportunity to substantively participate in the settlement of those cases. But Perryman has not argued that her counsel objected to the settlement in any of those cases.

Finally, allowing discovery such as this, from absent class members who have not even elected to remain in the lawsuit or filed a formal objection, would undermine one of the fundamental purposes of a class action litigation -- to efficiently resolve large disputes involving many potential plaintiffs. If the Court were to allow discovery by one absent class member, then the Court's ability to prevent other absent class members from engaging in similar discovery would be severely undermined. Such a floodgate of discovery could easily derail settlement. *See, e.g., In re Potash Antitrust Litig.*, 162 F.R.D. at 561 (if absent class member discovery were allowed, counsel "could be overwhelmed with discovery and information requests by innumerable potential class members whose ultimate allegiance may not be disclosed until an election is made to participate within the class or to be excluded").

The Court **denies** Settlement Class Member Margo Perryman's Motion for Discovery.

**DONE and ORDERED,** in Chambers, in Miami, Florida, April 28, 2015.

*[signature]*
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

All counsel of record