UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-CV-60649-GOODMAN
[Consent Case]

JENNIFER LEE, *et al.*,
on behalf of themselves and
all others similarly situated,

       Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC, *et al.*,

       Defendants.

_____/

## FINAL JUDGMENT

This action having settled pursuant to the Stipulation and Settlement Agreement (the "Settlement Agreement") and the Court having entered an Order Granting Final Approval To Class Action Settlement (the "Final Order") [ECF No. **184**], **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. This action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against the Named Plaintiffs and all other Settlement Class Members, without fees (including attorneys' fees) or costs to any party except as otherwise provided in the Final Order.

        a.      "Named Plaintiffs" means Jennifer Lee, Douglas A. Patrick, Gerald Coulthurst, Lisa Chamberlin Engelhardt, Enrique Dominguez, Frances Erving, Johnnie Erving, John Clarizia, and Shelia D. Heard.

        b.      "Settlement Class Members" are members of the "Settlement Class," which consists of the following:

> All borrowers in the United States who, within the Settlement Class Period (defined below), were charged by Ocwen under a hazard, flood, flood gap or wind-only LPI Policy for residential property, and who, within the Settlement Class Period, either (a) paid to Ocwen the Net Premium for that LPI Policy or (b) did not pay to and still owe Ocwen the Net Premium for that LPI Policy.  Excluded from the Settlement Class are: (a) individuals who are or were during the Settlement Class Period officers or directors of the Defendants in the Action or any of their respective Affiliates; (b) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; (c) borrowers whose LPI Policy was cancelled in its entirety such that any premiums charged and/or collected were fully refunded to the borrower or to the borrower's escrow account; and, (d) all borrowers who file a timely and proper request to be excluded from the Settlement Class.

> The Settlement Class Period shall commence on January 1, 2008 and shall continue through and including January 23, 2015.

        c.      "Ocwen" means Ocwen Loan Servicing, LLC and its Affiliates, Litton Loan Servicing, LP and its Affiliates after October 31, 2011, and Homeward Residential Holdings, Inc., and its Affiliates after April 30, 2013.

        d.      "Affiliate" of an entity means any person or entity which controls, is controlled by, or is under common control with such entity.

e.    "Assurant Defendants" means Assurant, Inc., American Security Insurance Company ("ASIC"), Standard Guaranty Insurance Company ("SGIC"), Voyager Indemnity Insurance Company ("VIIC"), and American Bankers Insurance Company of Florida ("ABIC").

f.    "LPI Policy" means a lender-placed residential hazard, flood, flood gap, or wind-only insurance policy and such insurance coverage placed pursuant to a mortgage loan agreement, home equity loan agreement, or home equity line of credit serviced by Ocwen to cover a borrower's failure to maintain the required insurance coverage on the residential property securing the loan.

g.    "Net Premium" means the amount of premium charged to a Settlement Class Member for an LPI Policy during the Settlement Class Period less any refund paid or credited to the Settlement Class Member.

h.    "Ocwen Acquired Companies" means Litton Loan Servicing, LP, Homeward Residential Holdings, Inc., and their Affiliates.

2.    Named Plaintiffs and all Settlement Class Members who did not timely exclude themselves from the Settlement Class, and their respective family members, heirs, guardians, administrators, executors, predecessors, successors, and assigns, have released the Released Claims as against the Released Persons, and are, from this day forward, hereby permanently barred and enjoined from directly or indirectly (i) filing, commencing, prosecuting, intervening in, or participating in (as class members or

otherwise), any lawsuit in any jurisdiction for the Released Claims; or (ii) organizing

any Settlement Class Members into a separate class for purposes of pursuing as a

purported class action any lawsuit (including by seeking to amend a pending

complaint to include class allegations, or seeking class certification in a pending

action) based on or relating to the claims and causes of action, or the facts and

circumstances relating thereto, in this action and/or the Released Claims.

a.      "Released Claims" means any and all claims, actions, causes of

action, suits, debts, sums of money, payments, obligations, reckonings, promises,

damages, penalties, attorney's fees and costs, liens, judgments, and demands of any kind

whatsoever that each member of the Settlement Class may have until the close of the

Settlement Class Period or may have had in the past, whether in arbitration,

administrative, or judicial proceedings, whether as individual claims or as claims

asserted on a class basis, whether past or present, mature or not yet mature, known or

unknown, suspected or unsuspected, whether based on federal, state, or local law,

statute, ordinance, regulations, contract, common law, or any other source, that were or

could have been sought or alleged in the Litigation or that relate, concern, arise from, or

pertain in any way to the Released Persons' conduct, policies, or practices concerning

Ocwen's placement, or the Assurant Defendants' issuance, of LPI Policies during the

Settlement Class Period, including but not limited to conduct, policies, or practices

concerning LPI Policies or to charges for Ocwen's Placement of LPI Policies during the

Settlement Class Period. In agreeing to this Release, Named Plaintiffs explicitly acknowledge that unknown losses or claims could possibly exist and that any present losses may have been underestimated in amount or severity.

       b.    The Released Claims of both the Named Plaintiffs and the Settlement Class Members shall include, but not be limited to, all claims related to Ocwen's insurance requirements; the relationship, whether contractual or otherwise, between Ocwen and the Assurant Defendants regarding LPI, including, but not limited to, the procuring, underwriting, placement, insurance tracking, or costs of LPI Policies; the coverage amount, duration, issue date, alleged "backdating," or alleged excessiveness of any LPI Policies placed or charged by Ocwen; the payment or receipt of commissions, expense reimbursements, alleged "kickbacks," or any other compensation under any LPI Policies placed or charged by Ocwen; any alleged "tying" arrangement involving Ocwen and LPI; any alleged breach of fiduciary duty by Ocwen concerning LPI Policies; any alleged tortious interference by the Assurant Defendants with mortgage loans serviced by Ocwen; the disclosure or non-disclosure of any payment, expenses, fees, charges, or features pertaining to or under any LPI Policies or coverage under such LPI Policies and charges for such coverage placed or charged by Ocwen; the receipt or non-disclosure of any benefit under any LPI Policies or coverage under such LPI Policies and charges for such coverage placed or charged by Ocwen; the content, manner, or accuracy of any communications regarding the

placement of any LPI Policies by Ocwen; and to the regulatory approval or non-approval of any LPI Policy, or the premium thereon, placed or charged by Ocwen.

        c.      "Released Persons" are, only with respect to Released Claims: (a) Defendants and each of their respective divisions, parents, subsidiaries, predecessors (except for any Ocwen Acquired Companies with respect to the period of time before they were acquired by Ocwen), investors, parent companies, and Affiliates, whether past or present, any direct or indirect subsidiary of any of Defendants and each of their respective divisions, parents, subsidiaries, predecessors, investors, parent companies, and Affiliates, whether past or present, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities, including but not limited to Ocwen, Assurant, ASIC, SGIC, ABIC, VIIC, Insureco Agency & Insurance Services, Inc., American Bankers Insurance Group, Inc., and Homeward Residential Holdings, Inc. and its Affiliates for LPI placements after April 30, 2013, Litton Loan Servicing LP and its Affiliates for LPI placements after October 31, 2011, and Altisource Portfolio Solutions S.A., Altisource Solutions, Inc., and their Affiliates; (b) any other insurance carriers that issued or may have issued LPI for Ocwen insuring real property owned by any Settlement Class Member; and (c) any trustee of a mortgage securitization trust which included loans made to any Settlement Class Member, including, but not limited to, any direct or indirect

subsidiary of any of them, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities.

3.      Notwithstanding the dismissal of this entire action, the Court shall retain jurisdiction over the construction, interpretation, consummation, implementation, and enforcement of the Settlement Agreement, including jurisdiction to enter such further orders as may be necessary or appropriate.

4.      Settlement Class Members shall promptly dismiss with prejudice all claims, actions, or proceedings that have been brought by any Settlement Class Member in any jurisdiction and that have been released pursuant to the Settlement Agreement and Final Order and enjoined pursuant to this judgment.

**DONE and ORDERED,** in Chambers, in Miami, Florida, September 14, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All counsel of record