UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-CIV-60649-GOODMAN
[Consent Case]

JENNIFER LEE, *et al.*,
on behalf of themselves and
all others similarly situated,

        Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC, *et al.*,

        Defendants.
_____/

### ORDER DENYING "INTERVENOR" RYAN'S MOTION TO INCLUDE ADDITIONAL DAMAGES CAUSED BY DEFENDANT OCWEN

Matthew Ryan, who describes himself as an intervenor, filed a "Motion to Include Damage Caused by Ocwen Loan Servicing, LLC With Never Providing the Forced Insurance Policy to the Mortgage Payers and Claims Made on Forced Insurance Never Addressed". [ECF No. 190]. Defendants Ocwen Loan Servicing, LLC, Assurant, Inc., Asmerican Security Insurance Co., Standard Guaranty Insurance Co. and American Bankers Insurance Co. of Florida jointly filed an opposition response. [ECF No. 191]. Ryan has not filed a reply and the deadline to do so has expired.

Ryan's motion seeks alternate relief: (1) to include in this case damages "in the millions" for Ocwen's alleged failure to provide copies of force-placed insurance policies and for allegedly mailing letters and polices to "incorrect, false or bogus addresses" and "misdating" these letters and policies, and (2) to assign him counsel so that he can sever the action and "make another class action" against Ocwen.

For the reasons outlined below, the Undersigned **denies** the motion.

**Factual Background**

As noted by Defendants in their response, Ocwen charged Ryan for lender-placed insurance during the class settlement period. Ryan is therefore part of the class which I certified in the September 14, 2015 Final Judgment [ECF No. 184] and Order [ECF No. 185].

Significantly, Ryan did not object to the settlement or opt out of the class by the May 15, 2015 deadline. He did not appear at the June 11, 2015 Fairness Hearing. Moreover, according to the declaration [ECF No. 191-1] of Mark Tredray, a project manager for Rust Consulting (the settlement administrator in the case), Ryan submitted a claim form dated August 31, 2015 to the settlement administrator. Tredray attached to his declaration a copy of Ryan's claim form.

More than two months after submitting his claim form, Ryan filed the motion at issue by mail. The motion does not expressly say that Ryan is objecting to the settlement, though it seems clear that he views the settlement he asked to participate in (through the

submission of his claim form) as inadequate. Likewise, the motion does not contend that Ryan is opting out. Ryan does not contend that other class members have asked him to be their representative, but his relief asks for permission to pursue another class action -- presumably for his benefit and the benefit of other class members.

Ryan's motion does not provide any reason for the significant delay or explain why he did not or could not timely file an objection, as five other class members did.

**Legal Principles and Analysis**

To the extent that Ryan's motion is a *de facto* objection to the already-approved settlememement, it is untimely and overruled. *Asoc. For Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 475 (S.D. Fla. 2002) (overruling as untimely an objection filed 103 days after the deadline expired and noting that the objections "will disrupt the fair and adequate settlement, to the parties' substantial prejudice").

To the extent that Ryan's motion is evaluated on the merits despite its significant untimeliness, it does not provide adequate grounds to cause the Undersigned to change my prior ruling that the settlement is fair and reasonable. Ryan contends that additional damages "in the millions" are justified but does not provide any support other than the wholly conclusory allegation that police were not procured or that there was some type of fraud or grossly negligent conduct surrounding the lender-placed insurance.

In addition, Ryan seeks relief even though he has already filed a claim which he has not withdrawn. He has not mentioned this fundamental inconsistency and has not

explained how he can simultaneously seek both the benefit of settlement (through the claim he submitted to the settlement administrator) while challenging the settlement as unfair and trying to be excluded. The objection is without merit.

To the extent that Ryan seeks to intervene, his motion is untimely. *See generally Georgia v. U.S. Army Corps of Engineers*, 302 F.3d 1242, 1259 (11th Cir. 2002) (listing four factors which court should consider when assessing whether a motion to intervene is timely). *See also Singer v. WWF Operating Co.*, 294 F.R.D. 673 (S.D. Fla. 2013) (denying as untimely a motion to intervene filed only less than two weeks after final approval of a class settlement).

To the extent that Ryan seeks to "sever" the case in order to pursue a separate class action lawsuit on behalf of other unnamed insureds in some other purported class, he has no authority to act on behalf of these other unidentified members of the so-called class. Ryan does not allege that he has even *contacted* other purported class members, let along obtain their permission to file motions on their behalf. *Horton v. Metropolitan Life Ins. Co.*, No. 93-1849 1994 U.S. Dist. LEXIS 21394, at *27-31 (M.D. Fla. Oct. 25, 1994) (denying motion to exclude certain class member because, among other reasons, the purported intervenor lacked authority to exclude other class members or sever *their* claims from the class settlement).

To the extent that Ryan seeks court-appointed counsel in this prospective civil class action lawsuit, the Undersigned **denies** the request. The Court cannot appoint a

lawyer to represent Ryan here because there is no applicable provision under the law for such appointment. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). This is not a criminal case in which the Sixth Amendment guarantees an indigent defendant full access to the public purse to assure justice. It is a *potential* civil litigation matter.

Under compelling circumstances, the Court can request a lawyer to represent an indigent civil plaintiff pursuant to 28 U.S.C. § 1915(e)(1). The Court has reviewed this case and finds that no compelling circumstances require the extraordinary procedure of appointing counsel for Ryan. The Undersigned has, in this Order, *denied* Ryan's request to "sever" his case from the present class action. Accordingly, there is no civil litigation where Ryan is a named plaintiff for the Undersigned to assign counsel on Ryan's behalf. Additionally, Ryan has not demonstrated that he is, in fact, indigent and unable to afford his own counsel. Accordingly, this request is denied.

## Conclusion

The Undersigned **denies** Ryan's motion.

**DONE and ORDERED,** in Chambers, in Miami, Florida, December 18, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All counsel of record